I ¡ON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM.
 
 *
 

 Petitioner, Mark E. Carter, an attorney licensed to practice law in the State of Oklahoma, applied to take the Louisiana Bar Examination. After reviewing information contained in the report of the National Conference of Bar Examiners, as well as a negative reference from an Oklahoma attorney with whom petitioner was formerly associated, the Committee on Bar Admissions (“Committee”) advised petitioner that he could not sit for the bar exam. We subsequently granted petitioner permission to sit for the exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.
 
 In re: Carter,
 
 05-1487 (La.6/15/05), 904 So.2d 678.
 

 Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
 

 The commissioner conducted a character and fitness hearing, during which he received documentary evidence and heard testimony given by petitioner and his wit
 
 *1090
 
 nesses. At the conclusion of the hearing, the commissioner filed his report with |2this court, recommending that petitioner be admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
 

 After hearing oral ai'gument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana.
 

 Accordingly, it is ordered that the application for admission be and hereby is granted.
 

 ADMISSION GRANTED.
 

 WEIMER, J., would conditionally admit the petitioner to the practice of law.
 

 GUIDRY, J., would also conditionally admit petitioner.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Associate Justice Chet D. Traylor.